# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ISORIS BANGO SANCHEZ, et al.,

Plaintiffs,

v.

CIVIL NO.: 15-1299 (MEL)

UNIVERSAL INSURANCE COMPANY,

Defendant.

## OPINION AND ORDER

On March 25, 2015, Isoris Bango Sánchez ("Mr. Bango"), Wanda Bango Sánchez ("Ms. Bango") and Saira Bango Sánchez (collectively "Plaintiffs") filed the complaint in this case, invoking the court's diversity jurisdiction alleging the parties are from different states and the amount in controversy exceeds $75,000. ECF No. 1. Plaintiffs' seek recovery for pain, emotional distress, and economic damages allegedly suffered due to a vehicle collision. Id. Pending before the court is Defendant's motion for summary judgment, which challenges the court's diversity jurisdiction on the grounds that the amount in controversy does not exceed $75,000. ECF No. 31. Plaintiffs filed a response in opposition. ECF No. 32.

### I. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632

F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts" in the record "that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). The plaintiff need not, however, "rely on *uncontradicted* evidence . . . . So long as the plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115 (citations omitted). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II. UNCONTESTED MATERIAL FACTS[1]

On or about May 7, 2014, Plaintiffs were involved in a vehicle collision the result of which they are claiming damages. ECF No. 31-1 at ¶1; ECF No. 32-1 at pg. 1 ¶1. The collision left minor scratches on the rear bumper of the vehicle Plaintiffs were driving. ECF No. 31-1 at ¶2; ECF No. 32-1 at pg. 1 ¶2. Immediately after the collision, Plaintiffs drove to the house of Ms. Bango's aunt, where Mr. Bango called the Police. ECF No. 31-1 at ¶3; ECF No. 32-1 at pg. 1 ¶3; ECF No. 31-1 at ¶4; ECF No. 32-1 at pg. 1 ¶4. That night, Ms. Bango felt "very stressed and started having a bad headache," and developed tension in her neck, limitation of movement on her right and left sides, and pain in her upper back. ECF No. 32-1 at pg. 4 ¶¶6 and 7. Mr. Bango did not sleep the night of the incident. ECF No. 32-1 at pg. 4 ¶ 8.

Plaintiffs first visited a hospital the morning after the incident, where they remained for the entire day. ECF No. 31-1 at ¶7 and 8; ECF No. 32-1 at pg. 2 ¶¶7 and 8. ECF No. 32-1 at pg. 5 ¶17. Although Ms. and Mr. Bango did not suffer any fractures, (ECF No. 31-1 at ¶9; ECF No. 32-1 at pg. 3 ¶9), Mr. Bango's neck was immobilized in a "cervical collar" and Ms. Bango's neck was immobilized with a "brace." ECF No. 32-1 at pg. 5 ¶¶12 and 13.

After receiving initial treatment in Puerto Rico, Ms. and Mr. Bango returned to their home in Florida where they received further medical care. After arriving home in Florida, Mr. Bango felt a

---

[1] Local Federal Court Rule 56 (d) provides:

> A party replying to the opposition to a motion for summary judgment shall submit with its reply a separate, short, and concise statement of material facts which shall be limited to any additional facts submitted by the opposing party. The reply statement shall admit, deny or qualify those additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts. Unless a fact is admitted, the reply shall support each denial or qualification by a record citation . . . .

Several of the Defendant's replies to Plaintiffs' proposed facts neither admitted nor denied the corresponding proposed fact in its entirety, nor included record citations. See e.g., ECF No. 34-1 at ¶ 3 ("It is admitted that the assertions contained in this paragraph were part of Mr. Isoris Bango's testimony during his deposition") see also ECF No 34-1 ¶¶ 4-18, 20, 22, 28-29, and 32. In accordance with Local Federal Court Rule 56, Plaintiffs' proposed facts were treated as admitted to the extent Defendant's corresponding denials or qualifications were not supported by record citations.

constant pain in his head and the epidural area, radiating down by the shoulders to his arms and the upper back. ECF No. 32-1 at pg. 6 ¶19; ECF No. 34-1 at ¶19. After the incident, Mr. Bango received three epidural injections. ECF No. 32-1 at pg. 7 ¶28; ECF No. 34-1 at ¶ 29. After the epidural injections, Mr. Bango was referred to a neurosurgeon who recommended a cervical fusion at three different levels of his neck. ECF No. 32-1 at pg. 7 ¶29; ECF No. 34-1 at ¶29.

Mr. Bango also received psychiatric treatment after the incident; however, he began psychiatric treatment before the incident. ECF No. 31-1 at ¶24; ECF No. 32-1 at pg. 3 ¶24. Ms. Bango did not receive any psychological or psychiatric treatment, although she did miss two to three days of work for other medical treatment due to incident. ECF No. 31-1 at ¶22; ECF No. 32-1 at pg. 3 ¶22. Among the medical treatment she received, Ms. Bango attended more than fifteen physical therapy sessions for her upper back, shoulders, and neck. ECF No. 32-1 at pg. 6 ¶26.

On September 28, 2015, Ms. and Mr. Bango each sought and received independent medical evaluations by medical expert Dr. José López Reymundí. Ms. Bango's only complaints during her evaluation with Dr. López Reymundí were upper back pain, worsening when working as a nurse or doing house chores, and improving with medications. ECF No. 31-1 at ¶11; ECF No. 32-1 at pg. 3 ¶11. At the time of the medical evaluation, Ms. Bango referred to having difficulties with bathing, dressing and sleeping. ECF No. 32-1 at pg. 8 ¶35; ECF No. 34-1 at ¶35. Ms. Bango sat comfortably during the interview, was able to stand from the chair unassisted, ambulate independently, ambulate on tiptoes and heels, stand on one leg with good balance, and squat fully. In addition, she had full range of motion of the upper extremities without evidence of muscle atrophy and no muscle spasms in the cervical spine. ECF No. 31-1 at ¶10; ECF No. 32-1 at pg. 3 ¶10. Dr. López Reymundí found that her cervical spine range of motion was well preserved consistent with the neck motions observed during the interview but with tenderness at the end of the motions. ECF No. 32-1 at pg. 7 ¶33; ECF No. 34-1 at ¶33. After reviewing relevant medical records, Dr López Reymundí concluded that

4

Ms. Bango suffered a cervical spine strain due to the May 7, 2014, incident, which in his opinion translates into a 1% whole person impairment. ECF No. 31-1 at ¶12; ECF No. 32-1 at pg. 3 ¶12.

Dr. López Reymundí conducted an independent medical evaluation of Mr. Bango and concluded that he presented a cervical spine strain, a cervical spine C4/C5 disc protrusion, and bulging disc C5/C6 and C6/C7. ECF No. 31-1 at ¶13; ECF No. 32-1 at pg. 3 ¶13. He found that Mr. Bango was able to "squat 60% with low back pain." ECF No. 32-1 at pg. 8 ¶37; ECF No. 34-1 at ¶37. He also found tenderness to palpation at the trapezium and base of the neck and muscle spasms. ECF No. 32-1 at pg. 8 ¶38; ECF No. 34-1 at ¶38. Dr. López Reymundí concluded that due to the May 7, 2014, collision, Mr. Bango suffered a cervical spine strain, and a 2% whole person impairment. ECF No. 32-1 at pg. 8 ¶39; ECF No. 34-1 at ¶39; ECF No. 31-1 at ¶15; ECF No. 32-1 at pg. 3 ¶15.

On the other hand, Dr. López Reymundí found that the disc protrusion that Mr. Bango presented during his evaluation was more likely than not related to another car accident that he suffered subsequent to the events giving rise to this case. ECF No. 31-1 at ¶14; ECF No. 32-1 at pg. 3 ¶14. Furthermore, Dr. López Reymundí's opinion was rendered assuming that Mr. Bango did not have a problem with his neck prior to the events giving rise to this case. ECF No. 31-1 at ¶17; ECF No. 32-1 at pg. 3 ¶17. Dr. López Reymundí did not review Mr. Bango's medical record with the Social Security Administration as part of the process of rendering his expert report. ECF No. 31-1 at ¶18; ECF No. 32-1 at pg. 3 ¶18.

Defendant's expert, Dr. José Suárez Castro, reviewed all relevant medical records, including Mr. Bango's record with the Social Security Administration, and the expert reports rendered by Dr. López Reymundí. ECF No. 31-1 at ¶19; ECF No. 32-1 at pg. 3 ¶19. Dr. Suárez Castro concluded that: (1) Dr. López Reymundí's opinion is based on the fact that Mr. Bango did not have any history of cervical conditions prior to the incident of May 7, 2014; (2) Mr. Bango did have chronic problems with his cervical spine prior to that day; and (3) Mr. Bango has no impairment that can be associated

to the events giving rise to this case. ECF No. 31-1 at ¶20; ECF No. 32-1 at pg. 3 ¶20. The parties agree that Saira Bango, Ms. and Mr. Bango's minor daughter, did not suffer any injuries from the May 7, 2014, incident. ECF No. 31-1 at ¶21; ECF No. 32-1 at pg. 3 ¶21.

### III. ANALYSIS

The jurisdiction of a federal court in diversity cases such as this one is limited to actions in which the controversy is between citizens of different states and involves a sum greater than $75,000. 28 U.S.C. § 1332(a)(1). Defendant contends that the case must be dismissed because the amount in controversy falls below the jurisdictional threshold.[2] Plaintiffs claim damages for pain and suffering valued "not lower than $250,0000.00 in the matter of Mr. Isoris Bango; $150,000.00 in the matter of Ms. Wanda Bango Sanchez; [and] $100,000.00 in the matter of Ms. Saira Bango Sanchez." ECF No. 1 ¶10. They also claim "additional damages" valued not less than $50,000.00 for each Plaintiff.[3]

A plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court. Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001). Once the damages allegation is challenged, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount. A party may meet this burden by amending the pleadings or by submitting affidavits." Id. (internal quotations and citations omitted).

---

[2] Defendant has not challenged the parties' diversity of citizenship.
[3] "When several plaintiffs assert separate and distinct demands in a single suit, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court, and that those amounts cannot be added together to satisfy jurisdictional requirements." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 585 (2005) (internal citations and quotations omitted). Title 28 U.S.C. §1367, however, authorizes supplemental jurisdiction over the claims of a plaintiff in the same controversy—even if those claims are for less than the jurisdictional amount—so long as the other elements of jurisdiction are present and at least one named plaintiff satisfies the amount-in-controversy requirement. Exxon Mobil Corp., 545 U.S. at 549. Thus, notwithstanding the fact that Plaintiffs submitted no direct evidence of injuries sustained by Saira Bango, she may remain as a plaintiff in this action so long as the other jurisdictional elements are present and at least one co-plaintiff satisfies the amount-in-controversy requirement.

As Defendant brought this challenge at the summary judgment stage, the parties have the benefit of the discovery conducted in this case. In sum, Plaintiffs cited to their depositions and medical evaluations showing Ms. and Mr. Bango's alleged pain and suffering has a basis in physical injuries they sustained from the incident, which continued to linger for more than a year. As of September 28, 2015, Ms. Bango continued to complain of upper back pain, which worsens when she works as a nurse or does chores and continued to have problems with bathing, dressing and sleeping. As to Mr. Bango, there is some evidence that he requires future medical care, including surgery. Their alleged pain and suffering is at least somewhat supported by medical evidence as Dr. López Reymundí found Ms. and Mr. Bango each suffered cervical strains and 1% and 2% whole person impairments from the incident, respectively.

While Defendant's medical expert disputes the cause of Mr. Bango's medical condition, weighing the conflicting expert conclusions is better left to a jury. See Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987) "The precincts patrolled by Rule 56 admit of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the carapace of the cold record." Id. Although Plaintiffs' respective 1% and 2% whole person impairments appear relatively mild, and the possibility of a jury awarding the Plaintiffs much less than the jurisdictional amount is not a remote one given the circumstances of this case, it is not a legal certainty that the verdict will not at least barely surpass the $75,000 threshold.

The case presently before the court, however, does not even reach the 3% impairment, thus making the decision regarding the pending motion for summary judgment a close call. A jury may well return a verdict below the jurisdictional threshold for each of Plaintiffs' claims in light of the minor damage to the vehicle, Ms. Bango's relatively mild impairment, and uncertainty over the cause

of Mr. Bango's injuries. But it is not legally certain that Mr. Bango's damages involve less than the jurisdictional amount. As Mr. Bango met his burden of establishing diversity jurisdiction, the court exercises supplemental jurisdiction over Ms. Bango and Saira Bango's claims.[4] For the foregoing reasons, the Defendant's motion for summary judgment (ECF No. 31) is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of June, 2017.

s/Marcos E. López  
U.S. Magistrate Judge

---

[4] No expression is made as to whether it is legally certain that Ms. Bango's and Saira Bango's individual claims involve less than the jurisdictional amount.